UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Pointe Coupee Parish Health Services District Number 1 v. Purdue Pharma L.P.; Purdue Pharma Inc.; et al (19-45019) | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein.  Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below.  To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e).  Doc. #232.

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP.  The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1.      Plaintiff's Existing Complaint (No. 19-CV-45019,   Doc. #: 1)   is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2.      Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

[List all Defendants against which claims are asserted.  To the extent a claim is not asserted against a particular defendant, so indicate below.  Otherwise each claim will be deemed to be asserted against all Defendants (except for the RICO claims identified below).  If Defendants have not been sued previously in Plaintiff(s)' Existing Complaint, Plaintiff must include separate factual allegations below in support of each new defendant and must separately serve each newly named Defendant with notification of the specific ARCOS data that Plaintiffs claim supports the addition of this Defendant pursuant to the Court's Order Setting Procedure for Short Form Amendment of Complaints and Incorporation by Reference of Materials Under Seal]

| Newly Added Manufacturer Defendants: | Newly Added Distributor Defendants: |
|---|---|
| SpecGx, LLC | |
| Par Pharmaceutical, Inc. | |
| Amneal Pharmaceuticals, LLC | |
| West-Ward Pharmaceuticals Corp. | |
| Indivior, Inc. | |
| Mylan Pharmaceuticals, Inc. | |
| Sandoz, Inc. | |

For purposes of refrencing prior pleadings, the definitions of "Manufacturer Defendants" and "Distributor Defendants" in Plaintiff's Existing Complaint are amended to include the companies listed above. Plaintiff incorporates by reference all allegations set forth in its Existing Complaint and the common factual allegations.

| Previously Named Manufacturer Defendants: | Previously Named Distributor Defendants: |
|---|---|
| Purdue Pharma, L.P. | AmerisourceBergen Drug Corporation |
| Purdue Pharma, Inc. | Cardinal Health, Inc. |
| Purdue Frederick Company, Inc. | McKesson Corporation |
| Cephalon, Inc. | |
| Teva Pharmaceuticals USA, Inc. | |
| Johnson & Johnson | |

| Ortho-McNeil-Janssen Pharmaceuticals, Inc. | |
| Janssen Pharmaceutica, Inc. | |
| Janssen Pharmaceuticals, Inc. | |
| Noramco, Inc. | |
| Endo Health Solutions, Inc. | |
| Endo Pharmaceuticals, Inc. | |
| Mallinckrodt PLC | |
| Mallinckrodt LLC | |
| Mallinckrodt Brand Pharmaceuticals, Inc. | |
| Mallinckrodt Enterprises LLC | |
| Mallinckrodt Enterprises Holdings, Inc. | |
| Allergan PLC | |
| Actavis LLC | |
| Actavis Pharma, Inc. | |
| Actavis PLC | |
| Actavis, Inc. | |
| Allergan Finance, LLC | |
| Allergan USA, Inc. | |
| Watson Laboratories, Inc. | |
| Watson Pharma, Inc. | |
| Insys Therapeudics, Inc. | |

Plaintiff incorporates by reference all allegations set forth against the previously named Defendants in its Existing Complaint and the common factual allegations.

**I, M. Palmer Lambert, Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s).**

**I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**The following newly added Defendant(s) *do not appear* in the ARCOS data I reviewed:**

_____

_____

_____

**Dated:**_____3/15/2019_____    **Signed:** _____*s/ M. Palmer Lambert*_

Factual (Jurisdictional Allegations Regarding Individual Defendants

Newly Added Manufacturer Defendants:

2.1    SpecGx, LLC is a subsidiary company of Mallinckrodt PLC organized under the laws of Delaware with its principal place of business in Webster Groves, Missouri.

2.2    SpecGx, LLC was authorized to do and is doing business in the State of Louisiana and manufactured opioids that were shipped to the State of Louisiana and Plaintiff's community.

2.3    Par Pharmaceutical, Inc. is an operating company of Endo International PLC incorporated under the laws of New York with its principal place of business in Chestnut Ridge, New York.

2.4    Par Pharmaceutical, Inc. manufactured opioids that were shipped to the State of Louisiana and Plaintiff's community.

2.5    Amneal Pharmaceuticals, LLC was a company organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey.

2.6    West-Ward Pharmaceuticals Corporation is a company incorporated under the laws of Delaware with its principal place of business in Eatontown, New Jersey.

2.7    West-Ward Pharmaceuticals Corporation manufactured opioids that were shipped to the State of Louisiana and Plaintiff's community.

2.8    Indivior, Inc. is a company incorporated under the laws of Delaware with its principal place of business in Richmond, Virginia.

2.9    Indivior, Inc. was authorized to do and is doing business in the State of Louisiana and manufactured opioids that were shipped to the State of Louisiana and Plaintiff's community.

2.10   Mylan Pharmaceuticals, Inc. is a company incorporated under the laws of West Virginia with its principal place of business in Morgantown, West Virginia.

2.11   Mylan Pharmaceuticals, Inc. was authorized to do and is doing business in the State of Louisiana and manufactured opioids that were shipped to the State of Louisiana and Plaintiff's community.

2.12    Sandoz, Inc. is a subsidiary company of Novartis Pharmaceuticals Corporation incorporated under the laws of Colorado with its principal place of business in Princeton, New Jersey.

2.13    Sandoz, Inc. was authorized to do and is doing business in the State of Louisiana and manufactured opioids that were shipped to the State of Louisiana and Plaintiff's community.

<u>Newly Added Distributor Defendants:</u>

2.14    Walmart, Inc. is a company incorporated under the laws of Delaware with its principal place of business in Bentonville, Arkansas and locations in New Roads, Louisiana, and Pointe Coupee Parish.

2.15    Walmart, Inc. was authorized to do and is doing business in the State of Louisiana and distributed opioids throughout Louisiana and Plaintiff's community.

2.16    Winn-Dixie Logistics, LLC is a company organized under the laws of Florida with its principal place of business in Jacksonville, Florida.

2.17    Winn-Dixie Logistics, LLC was authorized to do and is doing business in the State of Louisiana and distributed opioids throughout Louisiana and Plaintiff's community.

<u>Plaintiff incorporates by reference all jurisdictional allegations set forth against the previously named Defendants in its Existing Complaint as if fully set forth herein.</u>

## **COMMON FACTUAL ALLEGATIONS**

3.     By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure.  Dkt. # 1282.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
☒ RICO Marketing Enterprise Common Factual Allegations  (Paragraphs 814-848)
☒ RICO Supply Chain Enterprise Common Factual Allegations  (Paragraphs 849-877)

4.     If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here.  Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

<u>No additional claims are alleged. The previously asserted claims are applicable to the newly added Defendants, as well as the Defendants named in Plaintiff's Existing Complaint, and are</u>

incorporated by reference herein.

## CLAIMS

5.      The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dkt. 1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☒  First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒  Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6.      Plaintiff asserts the following **additional claims** as indicated (below or attached):

No additional claims are alleged. The previously asserted claims are applicable to the newly added Defendants and are incorporated by reference herein.

7.      To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in

*In Re National Prescription Opiate Litigation* in the United States District Court for the Northern

District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: <u>3/15/2019</u>     <u>*s/ M. Palmer Lambert*</u>
             *Attorney for Plaintiff(s)*